UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------------X
SEBASTIAN CABREJA, individually and on behalf of all others similarly situated,

                                                                     CIVIL ACTION NO.

                                    Plaintiff,

                                 -against-                                          COMPLAINT

MARCO & FAMILY TIRES AUTO MECHANIC LLC,
MARCO PRENSA, and ZULAIKA HERRERA ALMONTE,

                                    Defendants.
-------------------------------------------------------------------------------X

Plaintiff Sebastian Cabreja ("Cabreja" or "Plaintiff"), individually and on behalf of all others similarly situated, by his attorney, Katz Melinger PLLC, complaining of the Defendants, Marco & Family Tires Auto Mechanic LLC ("MFTAM"), Marco Prensa ("Prensa"), and Zulaika Herrera Almonte ("Almonte") (collectively "Defendants") respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.* ("NJWHL"); and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the NJWHL, and NJWPL pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

1

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New York.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2(b).

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. MFTAM is a domestic limited liability company with its principal place of business located at 1046 Garfield Avenue #114, Jersey City, New Jersey 07304.

9. Prensa and Almonte are individuals residing, upon information and belief, in the State of New Jersey.

10. At all relevant times, Prensa and Almonte were and still are owners, officers, directors, shareholders, and/or persons in control of MFTAM, who exercised significant control over MFTAM's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11. At all relevant times, Defendants were responsible for setting Plaintiff's schedules and day-to-day activities and for supervising his performance.

12. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. At all relevant times, Defendants were responsible for compensating Plaintiff.

14. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA, NJWHL, and NJWPL.

15. Defendants are covered employers within the meaning of the FLSA, NJWHL, and NJWPL, and, at all relevant times, employed Plaintiff.

16. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

17. Defendants operate in interstate commerce.

18. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19. The First and Third Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20. Upon information and belief, the FLSA Collective Plaintiffs consist of approximately five (5) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated his rights under the FLSA by, *inter alia*, willfully denying them minimum wages and overtime compensation.

21. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to provide employees with minimum wages and overtime compensation for all hours worked in excess of forty (40) per week.

22. Defendants engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

24. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

25. Defendants employed Plaintiff as an auto mechanic from on or around February 1, 2021 until on or around August 25, 2022.

26. As an auto mechanic, Plaintiff's job duties included, *inter alia*, replacing car tires, replacing brakes, and changing motor oil.

27. From on or around February 1, 2021 until on or around August 25, 2022, Plaintiff regularly worked Mondays through Saturdays from approximately 8:00 a.m. until approximately 7:00 p.m., without any meal or rest breaks, for a total of approximately sixty-six (66) hours per week.

28. Defendants used a punch in/out timekeeping system to track Plaintiff's work hours.

29. From on or around February 1, 2021 until on or around August 25, 2022, Defendants paid Plaintiff a fixed salary of $850.00 per week.

30. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA, NJWHL, and NJWPL, and were entitled to minimum wages for all hours worked and overtime compensation for all hours worked in excess of forty (40) per week.

31. Despite routinely working more than forty (40) hours per week, Plaintiff and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for the hours they worked in excess of forty (40) per week.

32. Defendants knew or should have known that their failure to pay Plaintiff and the FLSA Collective Plaintiffs minimum wages and overtime wages was a violation of the FLSA and NJWHL and/or Defendants acted in reckless disregard of the federal and state wage and hour laws.

33. Defendants' refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to Plaintiff and the FLSA Collective Plaintiffs is an intentional and willful violation of federal and state wage and hour laws.

34. Throughout his employment, Defendants paid Plaintiff part of his wages by check, with withholdings for federal, state, and local taxes, and part of his wages in cash, without withholdings for federal, state, and local taxes.

35. Defendants provided Plaintiff with a copy of the Form W-2 that Defendants filed with the United States Internal Revenue Service ("IRS") for the tax year 2021, which reflected only the wages that Plaintiff was paid by check and did not reflect Plaintiff's cash wages.

36. As a result, the W-2 Form that Defendants issued to Plaintiff for the 2021 tax year did not reflect all wages that Defendants paid to Plaintiff during such year.

37. Defendants filed the W-2 Form issued to Plaintiff for the 2021 tax year with the IRS.

38. Defendants willfully filed false information returns with the IRS related to Plaintiff's wages, in violation of 26 U.S.C. § 7434.

39. Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs the applicable minimum wages for all hours worked, overtime compensation for all hours worked in excess of forty (40) per week, and by issuing and filing fraudulent information returns regarding Plaintiff's wages in violation of 26 U.S.C. § 7434.

40. Plaintiff and the FLSA Collective Plaintiffs sustained damages from the acts and omissions described herein.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

41. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

42. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) per week.

43. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

44. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour they worked in excess of forty (40) per week.

45. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Defendants did not have a good faith basis to believe that his failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

47. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiff and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Overtime Violations under the NJWHL)*

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of NJWHL, Plaintiff was entitled to receive overtime compensation of one and one-half (1.5) times his regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) per week.

50. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

51. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours per week.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two-hundred percent (200%) of unpaid wages.

54. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLECTIVE PLAINTIFFS**
*(Failure to Pay Minimum Wages in Violation of the FLSA)*

55. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations.

56. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wage for all of the hours they worked.

57. Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wage for all of the hours they worked.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of the total overtime wages due to them.

60. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Pay Minimum Wages in Violation of New Jersey Wage and Hour Law)*

61. Plaintiff repeats and realleges all prior allegations.

62. Pursuant to the applicable provisions of the N.J.S.A. 34:11-56a(4), Plaintiff was entitled to the statutory minimum hourly wage for all of the hours he worked.

63. Defendants knowingly failed to pay Plaintiff the statutory minimum wage for all of the hours he worked.

64. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

65. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two hundred percent (200%) of his unpaid minimum wages.

66. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of his unpaid minimum wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

67. Plaintiff repeats and realleges all prior allegations set forth above.

68. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

69. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages and other pay, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

70. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of his respective unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Fraudulent Filing of Information Returns Under 26 U.S.C. § 7434)*

71. Plaintiff repeats and realleges all prior allegations set forth above.

72. Throughout the relevant period, Defendants paid Plaintiff his wages partially in cash, without any withholdings for federal, state, and local taxes, and partially in check with withholdings for federal, state, and local taxes.

73. Defendants provided Plaintiff with a copy of the IRS Form W-2 that Defendants filed with the IRS for the 2021 tax year, which reflected only the wages paid to Plaintiff via check.

74. An IRS Form W-2 is an information return as defined by 26 U.S.C. § 6724(d)(1).

75. Defendants were aware of his duty to accurately report to the IRS all wages paid to Plaintiff.

76. Defendants were aware that the IRS Form W-2 they issued to Plaintiff and filed with the IRS did not reflect the wages that Defendants paid to Plaintiff in cash.

77. Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing an IRS Form W-2 with false information regarding the wage payments made to Plaintiff, thereby decreasing Defendants' tax liability.

78. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in an amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiff for each fraudulent information return, the costs of this action, and reasonable attorneys' fees.

**WHEREFORE** Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all minimum wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all unpaid wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for damages in the amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiff, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) interest;

h) costs and disbursements; and

i) such other and further relief as is just and proper.

Dated: New York, New York
January 17, 2023

KATZ MELINGER PLLC

By: */s/ Katherine Morales*
Katherine Morales, Esq.
370 Lexington Avenue, Suite 1512
New York, New York 10017
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
kymorales@katzmelinger.com
*Attorneys for Plaintiff*